UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
STEVEN BAGGATTA,

        Plaintiff,

-vs-                                        COMPLAINT

BOYCE EXCAVATING CO., INC.,        JURY TRIAL DEMANDED

        Defendant.

----------------------------------------------------X

**07 CIV. 3544**

**WP4**

I      **INTRODUCTION**

1. This action seeks to redress the violation of plaintiff's civil rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") and the New York Military Law.

II     **PARTIES**

2. Plaintiff Steven Baggatta is a member of the National Guard who resides in Otisville, New York, within this Judicial district.

3. Defendant Boyce Excavating is a corporation organized pursuant to the laws of the State of New York. It does business in Middletown, New York, within this Judicial district.

III    **JURISDICTION & VENUE**

4. As plaintiff brings this action to enforce his rights under USERRA, this Honorable Court has subject matter jurisdiction under 38 U.S.C. § 4323(b).

5. As this action enforces plaintiff's rights under Federal law, this Honorable Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1343(3) & (4).

6. As the State-law claim action arises from the same nucleus of operative facts as

the Federal claim, this Court has subject matter jurisdiction over it pursuant to 28 U.S.C. § 1367.

7. As the events giving rise to this action arose in Orange County, this case is properly venued in the Southern District of New York.

IV **FACTUAL AVERMENTS**

8. Plaintiff is a member of the New York Army National Guard.

9. On October 30, 2006, plaintiff commenced full-time employment with defendant as an Equipment Operator.

10. When he applied for the position, plaintiff stated on his job application that he was a member of the National Guard and that he would need time off for periodic military training. Defendant's owner, Gary Boyce, told plaintiff that these military commitments would not be a problem.

11. On the weekend of November 18-19, 2006, plaintiff attended drills for the National Guard. Although he did not have to work that weekend, plaintiff told Boyce about the commitment.

12. When plaintiff returned to work on November 20, 2006, he gave Boyce a letter from the National Guard stating that he had to report to Camp Smith in Cortlandt Manor, N.Y. for a day-long drill on November 21, 2006. Boyce told plaintiff that this commitment was "O.K."

13. On November 21, 2006, plaintiff advised his foreman that he had another National Guard commitment for December 4-9, 2006 at Camp Smith.

14. On November 22, 2006, after discovering that his name was not on the work list

for that day, plaintiff spoke to Boyce, who said, "you're not doing me any good, you're taking too much time off for the military so I'm letting you go."

15. In a letter dated November 22, 2006, Boyce explained the circumstances surrounding plaintiff's termination, essentially acknowledging that plaintiff's military commitments motivated this adverse employment action. Boyce wrote that plaintiff was hired to work full-time and that "[d]uring the interview he stated he was able and willing to work the full time schedule of 40 hours per week." However, according to Boyce, "[s]ince his hire date, Mr. Baggatta has not worked one full time week. Therefore, we had to terminate him on November 22, 2006."

16. At all times in defendant's employ, plaintiff properly performed his job responsibilities.

17. Defendant intentionally terminated plaintiff's employment because of his military commitments, causing him to suffer lost wages and benefits and also experience physical and emotional pain and suffering.

V **CAUSES OF ACTION**

18. Plaintiff incorporates the allegations in ¶¶ 1-17 as if fully-restated herein.

19. In terminating plaintiff's employment because of his military commitments, defendant violated his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994.

20. In terminating plaintiff's employment because of his military commitments, defendant violated his rights under New York Executive Law § 296(1)(a).

**WHEREFORE**, plaintiffs respectfully request that this Court:

1. Accept jurisdiction over this matter;

2. Empanel a jury to hear and decide this matter;

3. Award plaintiff equitable and legal relief, including reinstatement, compensation for lost wages, front pay, liquidated damages for willful violations, including pre- and post-judgment interest, pension losses, other monetary losses, and compensatory damages for physical and emotional injury in sums to be determined by the trier of fact;

4. Award plaintiffs the reasonable costs of this litigation, including attorney's fees and costs pursuant to 38 U.S.C. § 4323(h)(2); and

6. Order any other relief it deems just and proper.

Dated: Chester, New York
April 30, 2007

Respectfully submitted,

STEPHEN BERGSTEIN (6810)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Attorney for plaintiff